United States District Court
Southern District of Texas
**ENTERED**
August 17, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **MARIO GAYTAN RENDON,**<br><br>**Petitioner,**<br>**V.**<br><br>**WARDEN, Rio Grande Detention Center, *et al.*,**<br><br>**Respondents.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 5:26-CV-01176** |

**ORDER**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (Dkt. No. 1), Respondents' Motion for Summary Judgment and Response to the Petition for Writ of Habeas Corpus, (Dkt. No. 9), Respondents' Notice of Anticipated Removal, (Dkt. No. 12), and Respondents' Advisory, (Dkt. No. 14). According to Respondents' Motion for Summary Judgment, Petitioner had until July 17, 2026 to file an appeal of his removal order. (Dkt. No. 9 at 2). Petitioner did not file an appeal, and his removal order became final on July 17, 2026. (Dkt. No. 12). *See Automated Case Information*, Exec. Off. Immigr. Rev., https://acis.eoir.justice.gov/en/caseInformation (last visited Aug. 17, 2026) ("No appeal was received for this case."). Petitioner was removed on August 8, 2026. (Dkt. No. 14). As such, he is no longer detained by Respondents.

The instant petition was brought under 28 U.S.C. § 2241, which provides in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c) (emphasis added). Generally, the Court's jurisdiction is limited to "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "A claim is moot when a case or controversy no longer exists between the parties." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017). In the Section 2241 context, if a petitioner is not in the physical custody of immigration officials, and there are no known restrictive conditions on his liberty, then the petition is moot. *See Rosales v. Bureau of Immigr. & Customs Enf't*, 426 F.3d 733, 735 (5th Cir. 2005)

(explaining that Section 2241's "in custody" requirement extends beyond physical custody to also include other restraints on liberty).

The Court finds that the petition must be dismissed as moot. Here, Petitioner is no longer in custody within the meaning of 28 U.S.C. § 2241(c). *See Rosales*, 426 F.3d at 735. He is not in physical custody of Respondents, and there are no restrictive conditions on his liberty at this time. As such, the Court finds no reason to believe that there is a live controversy remaining after Petitioner's removal, and the Court therefore has no jurisdiction.

Accordingly, Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (Dkt. No. 1), and Respondents' Motion for Summary Judgment and Response to the Petition for Writ of Habeas Corpus, (Dkt. No. 9), are **DENIED as moot**.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on August 17, 2026.

John A. Kazen
United States District Judge